IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ARLENA KELLY, | |
| Plaintiff, | 8:18CV470 |
| vs. | |
| THOMAS ANDERSON, RODNEY GNUSE, and HOWARD NEUHAUS, | MEMORANDUM AND ORDER |
| Defendants. | |

Plaintiff filed her Complaint on October 4, 2018. (Filing No. 1.) She has been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of Plaintiff's Complaint[1] to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff, a resident of Omaha, Nebraska, brings this action against three Omaha lawyers—Thomas Anderson, Howard Neuhaus, and Rodney Gnuse. In her Complaint, which includes approximately 200 pages of attached documents, Plaintiff generally alleges that Defendants mishandled legal matters relating to Plaintiff's guardianship over her late father, the probate of her father's estate, and property belonging to Plaintiff and/or her father. Plaintiff alleges Defendants have used and misled the courts to steal money from her father's account and are trying to steal more. Plaintiff seeks $500,000.00 in damages due to Defendants' "lying and misleading me and courts[] and interfering while I was trying to [do] my job as a Guardian." (Filing No. 1 at CM/ECF p. 8.)

---

[1] For purposes of this initial review, the Complaint includes Plaintiff's supplemental filing. (Filing No. 7.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION OF CLAIMS

In evaluating Plaintiff's claims, the court must determine whether subject-matter jurisdiction is proper. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Furthermore, a plaintiff must sufficiently state a claim for relief that contains, "a short and plain statement of the grounds for the court's jurisdiction,

unless the court has jurisdiction and the claim needs no new jurisdictional support." Fed. R. Civ. P. 8(a)(1). Here, Plaintiff alleges that the basis for the court's jurisdiction is a federal question. (*See* Filing No. 1 at CM/ECF p. 5.) However, as discussed below, it is apparent from the Complaint that the court lacks subject matter jurisdiction and this action must be dismissed.

**A. Federal Question Jurisdiction**

Subject-matter jurisdiction is proper where a plaintiff asserts "[a] non-frivolous claim of a right or remedy under a federal statute," commonly referred to as "federal question" jurisdiction. *Northwest South Dakota Prod. Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986). The mere suggestion of a federal question is not sufficient to establish the jurisdiction of federal courts, rather, the federal court's jurisdiction must affirmatively appear clearly and distinctly. *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir. 1990). Under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Courts have held that a private party's actions can be considered state action, or actions under color of state law, if the private party is a willful participant in joint activity with the State to deny constitutional rights. *See Magee v. Tr. of Hamline Univ, Minn.*, 747 F.3d 532, 536 (8th Cir. 2014).

Here, Plaintiff does not set forth any allegation that could be liberally construed to violate any federal statute. Moreover, even construing the Complaint liberally, it simply does not contain allegations reasonably suggesting Defendants violated Plaintiff's constitutional rights while acting under color of state law. Accordingly, Plaintiff's allegations do not establish that federal question jurisdiction exists in this matter.

## B. Diversity of Citizenship Jurisdiction

Subject-matter jurisdiction may be proper in federal court pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction. For purposes of 28 U.S.C. § 1332, "diversity of citizenship" means that "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001) (citation omitted). In addition, the amount in controversy must be greater than $75,000.00 for diversity of citizenship jurisdiction. 28 U.S.C. § 1332(a).

Here, Plaintiff has alleged an amount in controversy above the requisite $75,000.00 amount. However, Plaintiff has provided a Nebraska address for herself and Nebraska addresses for all three Defendants. (*See* Filing No. 1 at CM/ECF pp. 1, 3, 5.) As a result, the Complaint's allegations fail to establish that subject-matter jurisdiction is proper pursuant to 28 U.S.C. § 1332.

## IV. MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff filed a motion (filing no. 6) seeking the appointment of counsel. The court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel." Trial courts have "broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel, taking into account the factual and legal complexity of the case, the presence or absence of conflicting testimony, and the plaintiff's ability to investigate the facts and present his claim." *Id*. Having considered these factors and in light of the court's lack of subject matter jurisdiction, the request for the appointment of counsel is denied.

## V. CONCLUSION

Plaintiff's Complaint fails to allege grounds for the court's subject matter jurisdiction, and this matter must be dismissed. Plaintiff will not be given leave to amend her pleading because the court has concluded that to do so would be futile.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint ([filing no. 1](#)) is dismissed without prejudice for lack of subject matter jurisdiction.

2. Plaintiff's motion for appointment of counsel ([filing no. 6](#)) is denied.

3. The court will enter judgment by separate document.

Dated this 25th day of February, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge